*459 May 14.
Judge Brooke,
delivered the opinion of the court.
The court not deciding whether, if proved, tiie release in the record would be effectual to bind the late house of Israel and John P. Pleasants, is of opitiion, that the certificate of the notary public, John Gill, that John P. Pleasants, partner in the late house of Israel and John P. Pleasants, acknowledged it to bo his act and deed, was inadmissible evidence to prove the execution of the said release. To effect that object, the deposition of the notary public, or some equivalent testimony, ought to be before the court. In the absence of such proof, the court is of opinion, that John Scott, the assignee of the bond in question, was an incompetent witness, and his deposition and affidavit, also inadmissible testimony.
The court is further of opinion, that admitting the release to have been well executed, and the competency of the witness, John Scott, his testimony would be entitled to but little weight; it appearing by his own shewing, that he assigned the said hond to Israel and John P. Pleasants, as then wholly due and unpaid, though by his receipt for Hill’s bond, and the application of it according to the terms of the receipt, a large proportion of the hond in question, was discharged at the time of the said assignment, of which he was not ignorant when he gave his deposition and affidavit in the cause. The court, for the foregoing reasons, reverses the chancellor’s decree; and it is deered and ordered, that the injunction be perpetuated, except for the sum of jg 20 96 cents, with interest, at the rate of five per cent., from the 15th of October, 1802, until paid.